Timothy A. Lukas, Esq. (NV Bar No. 4678)
**HOLLAND & HART LLP**
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000
Fax: (775) 786-6179
Email: ECFlukast@hollandhart.com

*Attorneys for Z.B., N.A.*
*dba Zions First National Bank*

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511
Phone: (775) 327-3000 ♦ Fax: (775) 786-6179

### THE UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

In re:

X-TREME BULLETS, INC.,
   a Nevada corporation,

              Debtor.

Case No.: 18-50609-BTB

Chapter 11

**DECLARATION OF MARK SIEGEL IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Hearing Date:    June 12, 2018
Hearing Time:    2:00 PM

I, MARK SIEGEL, declare under penalty of perjury as follows:

1.      I am a Senior Vice President of Z.B., N.A. dba Zions First National Bank ("Zions").

2.      I have personal knowledge of the transactions and circumstances described in the Opposition.

3.      The Debtor owes, jointly and severally along with other entities the sum of $17,529,219.09 as of the petition. *See* **Exhibit 1** attached hereto for the summary of the loans.

4.      Starting in early April 2018, Zions demanded that Mr. Howell and his companies take meaningful steps to payoff the loans owed which had been in default and some in maturity terms since the fall of 2016. We jointly agreed that the services of a Chief Restructuring Officer were necessary for the companies. We recommended Matthew McKinlay of CFO Solutions to act as the Chief Restructuring Officer the set of companies operating primarily Lewiston, Idaho. Mr.

Howell had suggested an alternative individual for the position, Mr. Val Mundel. Our counsel then worked with Mr. Howell's counsel of Creason, Moore, Dokken & Geidl, PLLC to interview the candidates and also to complete a definitive agreement. Final revisions to the CRO Agreement were made on April 23, 2018, and it was fully executed on April 24th, effective as of April 20th. A true and complete copy is attached hereto as **Exhibit 2**.

5. Contrary to Mr. Howell's assertion of non-involvement with the companies after execution of the CRO Agreement, I am aware and was informed of Mr. Howell's frequent contact with the CRO and his continuation on the HMT payroll through the end of May. Mr. Howell never made any written request to Zions for an amendment of the CRO Agreement nor sought any relief to modify or remove the CRO, except for his self-help remedy on June 7th.

6. ZIONS has not agreed to any amendments to the CRO Agreement.

7. Except for the *Statement Regarding Authority To Sign and File Petition* executed by Mr. Howell, ZION has no other information indicating under what authority HMT placed itself in bankruptcy.

8. I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 12, 2018.

MARK SIEGEL

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511
Phone: (775) 327-3000 ♦ Fax: (775) 786-6179

## CERTIFICATE OF SERVICE

I am, and was when the herein described mailing took place, a citizen of the United States, over 18 years of age, and not a party to, nor interested in, the within action; that on June 12, 2018, I served a true and correct copy of the foregoing **DECLARATION** as follows:

**Electronic Mail Notice List:**

- STEPHEN R HARRIS    steve@harrislawreno.com, hannah@harrislawreno.com, norma@harrislawreno.com
- ROBERT E. OPERA    ropera@wcghlaw.com, pj@wcghlaw.com, stacyly@wcghlaw.com
- U.S. TRUSTEE - RN - 11    USTPRegion17.RE.ECF@usdoj.gov


DATED: June 12, 2018.

_____/s/ Jeanette Sparks_____

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511
Phone: (775) 327-3000 ♦ Fax: (775) 786-6179

# EXHIBIT 1

## Loan Summary

# EXHIBIT 1

## Loan Summary

**As of 6/7/2018**

| Loan No. | Principal Balance | Interest Balance | Late Charge | Total | Per Diem | Original Balance | Loan # |
|---|---|---|---|---|---|---|---|
| 33668980101 | $ 1,549,285.18 | $ 38,799.87 | $ 13,684.60 | $ 1,601,769.65 | $ 269.23 | $ 2,785,000.00 | 6 |
| 33668980102 | $ 308,337.66 | $ 7,721.93 | $ 2,723.14 | $ 318,782.73 | $ 53.58 | $ 554,269.00 | 6 |
| 33668980103 | $ 544,457.21 | $ 13,396.02 | $ 4,809.22 | $ 562,662.45 | $ 92.96 | $ 863,047.97 | 6 |
| 33668980104 | $ 541,571.29 | $ 12,706.79 | $ - | $ 554,278.08 | $ 88.81 | $ 797,683.03 | 6 |
| 33668987001 | $ 819,982.88 | $ 21,800.47 | $ 8,626.08 | $ 850,409.43 | $ 137.34 | $ 2,000,000.00 | 5 |
| 33668989002 | $ 1,510,262.17 | $ 39,975.67 | $ 15,858.18 | $ 1,566,096.02 | $ 252.96 | $ 1,640,000.00 | 2 |
| 33668989003 | $ 501,885.90 | $ 13,284.60 | $ 5,269.68 | $ 520,440.18 | $ 84.06 | $ 545,000.00 | 3 |
| 33668989004 | $ 1,987,146.06 | $ 52,829.42 | $ 20,904.06 | $ 2,060,879.54 | $ 332.84 | $ 4,815,000.00 | 4 |
| 33668989001 | $ 9,000,000.00 | $ 240,479.89 | $ 126,000.00 | $ 9,366,479.89 | $ 1,642.81 | $ 9,000,000.00 | 1 |
| | $ 16,762,928.35 | $ 440,994.66 | $ 197,874.96 | $ 17,401,797.97 | $ 2,954.59 | $ 23,000,000.00 | |
| Legal Fees, RMA Fees, Etc. | $ 127,421.12 | | | $ 17,529,219.09 | | | |

# EXHIBIT 2

## Chief Restructuring Officer Agreement

# EXHIBIT 2

## Chief Restructuring Officer Agreement

## Chief Restructuring Officer Agreement

This Chief Restructuring Officer Agreement (the "Agreement") is made effective this 20th day of April, 2018, by and between the following: David Howell ("Owner"), Matthew McKinlay ("CRO"), Valerie Grindle ("Assistant CRO"), Z.B., N.A. dba Zions First National Bank ("Zions"), and the following entities (collectively the "Company"): Ammo Load Worldwide, Inc.; Big Canyon Environmental, LLC; Clearwater Bullet, Inc.; Freedom Munitions, LLC; Howell Machine, Inc.; Lewis-Clark Ammunition Components, LLC; Twin River Contract Loading, Inc.; X-Treme Bullets, Inc.; Howell Munitions & Technology, Inc.; and Components Exchange, LLC. Owner, CRO, Assistant CRO, Zions, and the Company shall be collectively referred to herein as Parties.

1.      Company agrees to employ Matthew McKinlay of CFO Solutions, LLC dba Advanced CFO as Chief Restructuring Officer ("CRO") for the Company with the authority to employ and direct certain additional consultants to assist him, collectively the "CRO Team". Valerie Grindle as Assistant CRO will serve as the on-site lead of the CRO Team.

2.      CRO is authorized to perform the duties of the CRO of the Company to manage the business and operational affairs of the Company consistent with the role of the President and Treasurer or Manager, as appropriate, of the Company, subject to oversight of Zions and with the advice of an advisory board (the "Advisory Board"). The members of the Advisory Board shall include a representative of Zions, Angela Smith ("Smith") and such other members who are willing to serve and who are acceptable to Zions and Smith. The CRO Team shall consult with the Advisory Board as the CRO deems appropriate in the execution of his duties. The Advisory Board will not, however, have authority to approve or disapprove decisions made or actions taken by the CRO, it being the agreement of the Parties that the Advisory Board to provide advice to the CRO as appropriate under this Agreement. Except as otherwise provided, the CRO Team shall have authority over the operational, employment, accounting, and record keeping needs of the Company, and shall specifically endeavor to improve accounting and financial controls at the Company, as well as record keeping. The CRO Team shall have authority to sell Company assets with the consent of Zions. The CRO Team shall be responsible for filing monthly reports with the Company and Zions. CRO has the authority to provide periodic reports to Zions as it deems appropriate. Neither the CRO nor the CRO Team has any responsibility to file any federal, state or local tax returns, but will provide oversight as needed for the reporting and filing of the returns by the appropriate employees of the Company. The CRO shall have authority on behalf of the Company to consent to the appointment of a receiver, or to file a petition or consent to an order for relief under Title 11 of the United States Code.

3.      In addition, the CRO Team will assist the Company in its restructuring efforts that the Company and Zions request from time to time. The services are subject to change as mutually agreed among CRO, the Company and Zions.

4.      As part of its services, the CRO Team may be requested to assist the Company (and its legal or other advisors) in negotiating with the Company's creditors and equity holders and with other interested parties. In the event that the CRO Team participates in such negotiations, the representations made and the positions advanced will be those of the Company and its management, not the CRO Team.

5.      Should the Company become a debtor under Chapter 11 of the Bankruptcy Code, CRO will provide services to the Company until its retention is approved or disapproved by the court or until our Services have been transitioned to another firm.

6.      Owner shall resign as President, Treasurer (if applicable) and Manager of each entity comprising the Company and during the term of this Agreement shall hold no office in the Company. Owner shall at all times fully cooperate with the CRO Team and shall take no action which interferes with the duties of CRO as outlined in this Agreement. During the term of this Agreement, CRO shall have all of the powers and authority granted to the President, Treasurer and/or Manager of each entity comprising the Company and no other officer or Manager of any such entity may exercise such power or authority without the consent of CRO. Assistant CRO will have such powers and authority as CRO may grant to Assistant CRO. No officer or manager of the Company shall take any action contrary to the actions of the CRO, Assistant CRO or the provisions of this Agreement during the term of this Agreement.

7.      Owner and Company shall at all times act in good faith to support the CRO Team in performing its duties, and shall provide the CRO Team with access to all books and records related to the Company, including but not limited to, all accounting records, contracts for services to be provided by Company, union contracts, licenses, permits, applications, purchase and sale agreements, and insurance policies. The Company's owners, agents, and employees shall fully and timely cooperate with the CRO in connection with the performance of its duties, and are enjoined from interfering with the CRO's performance of such duties. In the event a dispute arises between the CRO and Owner, or any existing owner, officer, agent, or employee of the Company regarding their compliance with this paragraph, the CRO shall have the right to seek a Court order, on five (5) business days' notice, enforcing the terms of this Agreement.

8.      At their sole discretion, upon fifteen (15) days' notice, the CRO and Assistant CRO may resign their employment by the Company and terminate their roles as CRO and Assistant CRO.

9.      The Company shall indemnify the CRO Team on the same terms as provided to its other officers and directors under the corporate/limited liability company articles, bylaws, operating agreements, limited liability company agreements or other corporate/limited liability company governing documents (e.g., board, manager, member or shareholder resolutions) (collectively, the "Governing Documents") and applicable state law and can and will provide insurance coverage for the CRO and Assistant CRO under its D&O policy. In the event Company does not currently have a D&O policy, Company shall acquire a D&O policy which provides insurance coverage for the CRO and Assistant CRO on terms typical in the industry in which Company operates. To the extent CRO's authority under this Agreement conflicts with the authority of any other officer, manager or member of the Company pursuant to the Governing Documents, this Agreement shall control and Owner hereby represents and warrants that it has taken, caused to be taken, will take or will cause to be taken all actions necessary to authorize the foregoing.

10.     The CRO Team shall have no liability to the Company or Owner for loss or diminution in value of or damage to the Company or its assets unless the loss, diminution in value, or damage is caused by an act or omission for which members of a board of directors of a private corporation organized and existing under the laws of Idaho, who vote to approve the act or omission, are liable to the corporation in cases in which the liability of directors is limited to the maximum extent permitted by Idaho statute or law.

11.     The CRO Team shall have no personal liability to the Company or Owner except for loss or damage occasioned by fraud on the part of the CRO or Assistant CRO, by acts

intended by the CRO or Assistant CRO to cause loss or damage to the Company or Owner, or by acts or omissions for which an officer of a business corporation organized and existing under the laws of the State of Idaho are liable to the claimant under the same circumstances in cases in which the liability of directors is limited to the maximum extent permitted by Idaho statute or law.

12.     The CRO Team shall be paid for its services at the rate of $295.00/hour for work performed by Matthew McKinlay, $250.00/hour for work performed by Valerie Grindle, and between $150.00 and $250.00/hour for work performed by the CRO's other consultants, at their current prevailing rates.  In addition, the CRO Team shall be entitled to reimbursement for its reasonable expenses incurred in the performance of its duties on a monthly basis.

13.     Zions may, but shall have no obligation to, advance to the Company funds necessary to pay all amounts payable to the CRO pursuant to this Agreement. All such advances shall be considered advances made pursuant to the terms of Loan No. 1 between Company and Zions and shall be secured by the Security Agreement executed by Company and the Trust Deed, Assignment of Rents, Security Agreement and Fixture Filing executed by Owner.

14.     Work will commence upon the execution of this agreement, and receipt of a $25,000 retainer.  The retainer will be applied toward the final invoice, with any remaining unused balance to be refunded to the Company.

15.     The CRO Team may be terminated with or without cause upon 30 days written notice from the Company and Zions.  Neither Owner nor Company shall have the right to terminate this Agreement or terminate the CRO's services under this Agreement, absent the prior written consent of Zions, which consent shall not be unreasonably withheld. No interested party, including Owner, shall be precluded, upon motion with a court of competent jurisdiction, from requesting the immediate modification of duties or removal of the CRO for cause shown.

16.     This Agreement shall be interpreted and enforced in accordance with the laws of the State of Idaho. Subject to the provisions above, jurisdiction and venue of any action to enforce or interpret this Agreement shall lie exclusively in the state courts in Lewiston, Idaho or the federal courts in located in Coeur d'Alene, Idaho.

17.     This Agreement and these Terms and Conditions constitutes the sole and entire agreement among the parties with respect to the items contained, and supersede any prior oral or written undertaking or agreement of any nature or description whatsoever. This Agreement may not be modified except by a writing signed by all of Company, CRO, Assistant CRO and Zions.

18.     Neither party may assign any of its rights hereunder without the express written consent of the other party, which shall not be unreasonably withheld or delayed.

IN WITNESS WHEREOF the parties hereunder set their hands the day and year first above written.

**CHIEF RESTRUCTURING OFFICER:**

_____
Matthew McKinlay

**ASSISTANT CRO:**

_____
Valerie L. Grindle


**COMPANY:**

**AMMO LOAD WORLDWIDE, INC.,**
an Idaho corporation


By: _____
     David C. Howell, President


**BIG CANYON ENVIRONMENTAL, LLC**,
an Idaho limited liability company


By: _____
     David C. Howell, Manager


**CLEARWATER BULLET, INC.,**
an Idaho corporation


By: _____
     David C. Howell, President

**CHIEF RESTRUCTURING OFFICER:**

_____
Matthew McKinlay

**ASSISTANT CRO:**

_____
Valerie L. Grindle

**COMPANY:**

**AMMO LOAD WORLDWIDE, INC.,**
an Idaho corporation


By: _____
        David C. Howell, President


**BIG CANYON ENVIRONMENTAL, LLC,**
an Idaho limited liability company


By: _____
        David C. Howell, Manager

**CLEARWATER BULLET, INC.,**
an Idaho corporation


By: _____
        David C. Howell, President

**CHIEF RESTRUCTURING OFFICER:**

_____
Matthew McKinlay

**ASSISTANT CRO:**

_____
Valerie L. Grindle


**COMPANY:**

**AMMO LOAD WORLDWIDE, INC.,**
an Idaho corporation

By: _____
    David C. Howell, President


**BIG CANYON ENVIRONMENTAL, LLC,**
an Idaho limited liability company

By: _____
    David C. Howell, Manager

**CLEARWATER BULLET, INC.,**
an Idaho corporation

By: _____
    David C. Howell, President

**FREEDOM MUNITIONS, LLC**
an Idaho limited liability company

By: _____
David C. Howell, Manager


**HOWELL MACHINE, INC.,**
an Idaho corporation

By: _____
David C. Howell, President


**HOWELL MUNITIONS & TECHNOLOGY, INC.**
an Idaho corporation

By: _____
David C. Howell, President


**LEWIS-CLARK AMMUNITION COMPONENTS, LLC,**
an Idaho limited liability company

By: _____
David D. Howell, Manager


**TWIN RIVER CONTRACT LOADING, INC.,**
an Idaho corporation

By: _____
David C. Howell, President

**X-TREME BULLETS, INC.,**
an Idaho corporation

By: _____

David C. Howell, **president**


**COMPONENTS EXCHANGE, LLC,**
an Idaho limited liability company

By: _____

David C. Howell, **Manager**


**OWNER:**

_____

David C. Howell, individually

**ZIONS:**

Z.B., N.A. dba Zions First National Bank


By: _____

Its: _____


10901788_1

**X-TREME BULLETS, INC.,**
an Idaho corporation


By: _____
        David C. Howell, president


**COMPONENTS EXCHANGE, LLC,**
an Idaho limited liability company


By: _____
        David C. Howell, Manager


**OWNER:**


_____
        David C. Howell, individually

**ZIONS:**

Z.B., N.A. dba Zions First National Bank


By: _____

Its: _Senior Vice President_


10901209_1