Thomas R. Fawkes (*pro hac vice*)
Brian J. Jackiw (*pro hac vice*)
**TUCKER ELLIS LLP**
233 South Wacker Dr.
Suite 6950
Chicago, Illinois 60606
Telephone: (312) 624-6300
Facsimile:  (312) 624-6309

Jeffrey L. Hartman, Esq. #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Facsimile:  (775) 324-1818

Counsel to the Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Jointly Administered under |
|---|---|
| ☐ X-TREME BULLETS, INC. | Case No. 18-50609-btb with |
| ☐ HOWELL MUNITIONS & TECHNOLOGY, INC. | Case Nos. 18-50610-btb; 18-50611-btb; 18-50613-btb; 18-50614-btb; 18-50615-btb; 18-50616-btb; and 18-50617-btb |
| ☐ AMMO LOAD WORLDWIDE, INC. | Chapter 11 |
| ☐ CLEARWATER BULLET, INC. | |
| ☐ HOWELL MACHINE, INC. | |
| ☐ FREEDOM MUNITIONS, LLC | **STIPULATION GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMMENCE, PROSECUTE AND RESOLVE CERTAIN CLAIMS AND CAUSES OF ACTION** |
| ☐ LEWIS-CLARK AMMUNITION COMPONENTS, LLC | |
| ☐ COMPONENTS EXCHANGE, LLC | |
| ☒ ALL DEBTORS. | |
| Debtors. | **Hearing Date:   N/A** |
| | **Hearing Time:** |

1

This Stipulation ("*Stipulation*") is entered into as of June 1, 2020, by and between the undersigned counsel on behalf of (i) X-Treme Bullets, Inc., Howell Munitions & Technology, Inc., Ammo Load Worldwide, Inc., Clearwater Bullet, Inc., Howell Machine, Inc., Freedom Munitions, LLC, Lewis-Clark Ammunition Components, LLC, and Components Exchange, LLC (collectively, the "*Debtors*") and (ii) The Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "*Committee*") (each, a "*Party*" and collectively, the "*Parties*"). The Parties agree, subject to the approval of the United States Bankruptcy Court for the District of Nevada (the "*Bankruptcy Court*"), as follows:

## RECITALS

A.      On June 8, 2018, each of the Debtors filed with the Bankruptcy Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). The Debtors are managing their remaining assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  No trustee or examiner has been appointed in the Debtors' cases.

B.      On July 23, 2018, the Office of the United States Trustee appointed the Committee in these cases to represent all unsecured creditors of the Debtors pursuant to 1102 of the Bankruptcy Code.

C.      On October 22, 2019, the Debtors closed a sale of substantially all of their operating assets to Kash CA, Inc.  Following the closing of the sale, the Debtors, in cooperation with the Committee, have been engaged in a liquidation of their remaining assets, including certain claims and causes of action against former insiders of the Debtors (as limited and governed by that certain Order Granting Debtors' Motion for Order Approving Compromises of Controversies entered on August 30, 2019 [Docket No. 611] ("*Compromise Order*"), as well as related causes of action under relevant sections of chapter 5 of the Bankruptcy Code.  These claims and causes of action include, but are not limited to, claims related to certain pre-Petition Date transactions between certain of the Debtors and the following entities, which shall be collectively defined herein as the "*Targets*":

- Royal Metal Industries ("*RMI*")

- Capital Cartridge ("*CC*")

- Armscor Cartridge Inc.

- Bitterroot Security & Investigations LLC

- Clean Harbors Environmental Services Inc.

- Listrak, Inc.

- Val Mundell

- Old Dominion Freight Line

- St. Marks Powder, Inc.

- Steele Components and Ammo, LLC

The potential claims and causes of action against the Targets are collectively referred to as the "*Derivative Causes of Action*".

D.      The Debtors are prepared to consent to the grant of derivative standing to the Committee to investigate, commence, prosecute and resolve the Derivative Causes of Action, subject to the terms and conditions of this Stipulation and Order.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements set forth below and for other good, valuable and adequate consideration hereby deemed received, the following is hereby stipulated and agreed to, subject to the approval of the Bankruptcy Court:

1.      Recitals.  The preceding recitals are true and correct and are incorporated into this Stipulation and Order by this reference.

2.      Authorization to Assert Claims.  The Committee and the Debtors hereby stipulate, subject to the terms of this Stipulation and Order, that the Committee is authorized and has derivative standing to assert, on behalf of the Debtors' estates, the Derivative Causes of Action against the Targets, and shall be permitted to investigate, commence, prosecute and resolve such causes of action.  Notwithstanding the grant of derivative standing to the Committee, the approval of this Stipulation and Order by the Bankruptcy Court is not to be construed as a finding that any claims that may be brought by the Committee pursuant to this Stipulation and Order are or would

be meritorious, and the Targets reserve all rights to defend and raise any and all defenses against the Derivative Causes of Action.

3. <u>Settlement</u>.  No settlement of the Derivative Causes of Action shall be approved without an Order of the Bankruptcy Court, after notice and a hearing thereon if any objections are timely filed and served.  The Debtors reserve all rights with respect to any motion filed seeking to approve any settlement of the Derivative Causes of Action.

4. <u>Counterparts</u>.  This Stipulation and Order may be executed in counterparts, whereby each counterpart, when so executed and delivered, shall be deemed an original and all counterparts, taken together, shall constitute but one and the same Stipulation and Order.

5. <u>Headings</u>.  The headings used in this Stipulation and Order are for convenience of reference only and shall not be used or deemed to explain or modify the terms of any provision hereof.

6. <u>Authority</u>.  The undersigned represent that they are fully authorized to enter into this Stipulation and Order on their own behalf and on behalf of their respective client(s).

7. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

IN WITNESS WHEREOF, the Parties have executed this Stipulation on this 1st day of June, 2020.

**X-TREME BULLETS, INC.,** *et al.*

By:    /s/ J. Michael Issa
       Chief Restructuring Officer

**THE OFFICIAL COMMITTEE OF UNSECORED CREDITORS OF X-TREME BULLETS, INC.,** *et al.*

By:    /s/ Thomas R. Fawkes
       Its Counsel

4