Thomas R. Fawkes (*pro hac vice*)
Brian J. Jackiw (*pro hac vice*)
**TUCKER ELLIS LLP**
233 S. Wacker Dr., Suite 6950
Chicago, Illinois 60606
Telephone:  (312) 624-6300
Facsimile:  (312) 624-6309

Jeffrey L. Hartman
**HARTMAN & HARTMAN**
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
Telephone: (775) 324-2800
Facsimile:  (775) 324-1818

Counsel to the Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>☐ X-TREME BULLETS, INC.<br>☒ HOWELL MUNITIONS & TECHNOLOGY, INC.<br>☐ AMMO LOAD WORLDWIDE, INC.<br>☐ CLEARWATER BULLET, INC.<br>☐ HOWELL MACHINE, INC.,<br>☐ FREEDOM MUNITIONS, LLC<br>☐ LEWIS-CLARK AMMUNITION COMPONENTS, LLC<br>☐ COMPONENTS EXCHANGE, LLC<br>☐ ALL DEBTORS.<br><div align="right">Debtors.</div> | Jointly Administered under<br><br>Case No. 18-50609-btb with<br><br>Case Nos. 18-50610-btb; 18-50611-btb; 18-50613-btb; 18-50614-btb; 18-50615-btb; 18-50616-btb; and 18-50617-btb<br><br>Chapter 11<br><br>Adv. No. _____-btb |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF X-TREME BULLETS, INC. *et al*.,<br><div align="center">Plaintiff,</div><br>v.<br><br>ST. MARKS POWDER, INC.<br><div align="center">Defendant.</div> | **COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547, TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. §550, AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** |

The Official Committee of Unsecured Creditors of X-treme Bullets, Inc. et al. (the "Committee"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover preferential transfers made by Debtor Howell Munitions & Technology, Inc. ("HMT") to St. Marks Powder, Inc. (the "Defendant") pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), and to disallow any claims held by Defendant pursuant to section 502 of the Bankruptcy Code.  In support of this Complaint, the Plaintiff hereby alleges upon information and belief as follows:

## NATURE OF THE CASE

1.    This action is commenced pursuant to sections 547 and 550 of the Bankruptcy Code to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, preferential transfers of property made by HMT that occurred during the ninety (90) day period prior to the commencement of the HMT's chapter 11 case.

2.    In addition, the Committee seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors (defined below) or that has been scheduled for Defendant, unless Defendant has paid to the Debtor's Estate any amounts for which it is liable under sections 547 and 550 of the Bankruptcy Code.

## BACKGROUND OF THE BANKRUPTCY CASE

3.    On June 8, 2018 (the "Petition Date"), HMT, X-Treme Bullets, Inc., Ammo Load Worldwide, Inc., Clearwater Bullet, Inc., Freedom Munitions, LLC, Howell Machine, Inc., Lewis-Clark Ammunition Components, LLC and Components Exchange, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

4. Until the sale of substantially all of their operating assets, HMT and the other Debtors operated their businesses as debtors-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

5. In August 2019, the Debtors, on one hand, and Kash CA, Inc. ("Kash CA"), on the other hand, entered into that certain Asset Purchase Agreement ("Kash APA"), pursuant to which the Debtors agreed to sell and assign to Kash CA, and Kash CA agreed to acquire from the Debtors, all of the assets and properties of the Debtors, except only for the "Excluded Assets" identified expressly in the Kash APA. The Kash APA was approved by the Bankruptcy Court, and the sale pursuant to the Kash APA closed on October 22, 2019.

6. Pursuant to the Kash APA, "Excluded Assets" that were not sold to Kash CA, and were retained by the Debtors' estates, include, *inter alia*, "all preference, fraudulent transfer, or other avoidance claims and causes of action of any Seller [defined to include HMT], including all such claims and causes of actions arising under sections 510, 544, 545, 547, 548, 548 and/or 550 of the Bankruptcy Code . . ." Accordingly, the claims and causes of action set forth in this Complaint were expressly retained by the Debtors' estates.

7. On June 3, 2020, the Bankruptcy Court entered an order approving that certain Stipulation Granting Derivative Standing to the Official Committee of Unsecured Creditors to Commence, Prosecute and Resolve Certain Claims and Causes of Action (Case No. 18-50609-btb, Docket No. 923, the "Derivative Standing Stipulation"), pursuant to which the Committee was authorized and given derivative standing to assert, on behalf of the Debtors' estates, certain causes of action, including the causes of action set forth in this Complaint.

**JURISDICTION AND VENUE**

8. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding which arises under title 11 of the United States Code, and is related to the above-captioned jointly-administered bankruptcy cases (the "Bankruptcy Cases") pending before the Bankruptcy Court, pursuant to 28 U.S.C. §§ 157 and 1334.

9. The causes of action set forth herein concern the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 502, 547, and 550, and, as such, constitute a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

11. The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

12. The Committee states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**THE PARTIES**

13. The Committee was formed by the Office of the United States Trustee on July 8, 2018 (Case No. 18-50609-btb, Docket No. 107) as an official committee pursuant to section 1102 of the Bankruptcy Code.   As noted above, it has authority and derivative standing to prosecute the claims and causes of action set forth in this Complaint pursuant to the Derivative Standing Motion.

14. Upon information and belief, the Defendant was, at all relevant times, a vendor to, and creditor of, HMT.

**FACTUAL BACKGROUND**

15. Prior to the Petition Date, in the ordinary course of business, HMT maintained business relationships with various business entities, including manufacturers, landlords,

suppliers, distributors, and professional services firms, and regularly purchased, sold, received, and/or delivered goods and services in support of its operations.

16.     During the ninety (90) day period prior to the Petition Date, that is, between March 10, 2018 and June 8, 2018 (the "Preference Period"), the Debtor(s) continued to operate their business affairs, including the transfer of cash and other property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

17.     During the course of their relationship, HMT and Defendant entered into agreements or other trade relationships, which are evidenced by invoices, communications, and other documents (collectively, the "Agreements").

18.     HMT and Defendant conducted business with one another during the Preference Period pursuant to the Agreements.

19.     The Committee has completed an analysis of all readily available information of HMT and Defendant and is seeking to avoid all of the transfers of an interest in HMT's property made by HMT to the Defendant within the Preference Period.

20.     The Committee performed reasonable due diligence evaluation of the reasonably known or knowable affirmative defenses available to Defendant, based on the documents and information made available to it by the Debtors, and has therefore discharged any obligations imposed by section 547(b) of the Bankruptcy Code.

21.     Based upon the Committee's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s) (defined below), the Committee has determined that it may avoid and recover some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

22.    The Committee has determined that HMT made transfer(s) of an interest of HMT's property to or for the benefit of the Defendant during the Preference Period through payments aggregating to an amount of not less than $50,000.00 (with each individual transfer being a "Transfer" and all Transfers collectively, the "Transfers").  The details of each of the Transfers are set forth on Exhibit A attached hereto and incorporated by reference herein

23.    During the course of this adversary proceeding, the Committee may learn (through discovery or otherwise), of additional transfers made by the Debtor(s) to the Defendant during the Preference Period.  It is the Committee's intention to avoid and recover all transfers made by HMT or any of the other Debtors of an interest of the Debtors in property and to or for the benefit of the Defendant or any other transferee.  The Committee reserves the right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan, if applicable (collectively, the "Amendments"), that may become known to the Committee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

24.    The Committee incorporates all preceding paragraphs as if fully re-alleged herein.

25.    Each of the Transfers was made to the Defendant by HMT as identified on Exhibit A, attached hereto and incorporated herein.

26.    HMT made the Transfers to or for the benefit of the Defendant in an aggregate amount of not less than $50,000.00.

27.   The Transfers were made from one or more of HMT's accounts and constituted transfers of an interest in property of the Debtor.

28.   During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of supplying to HMT the goods and/or services identified in the Agreements, for which HMT was obligated to pay, in accordance with the Agreements.  *See* Exhibit A.

29.   Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by HMT under the Agreements to the Defendant as identified in Exhibit A.

30.   Each Transfer was made for, or on account of, an antecedent debt or debts owed by HMT identified on Exhibit A to the Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by HMT  *See* Exhibit A.

31.   Each Transfer identified on Exhibit A was made while the HMT was insolvent. The Committee is entitled to the presumption of HMT's insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

32.   Each Transfer was made during the Preference Period.  *See* Exhibit A.

33.   As a result of each Transfer, the Defendant received more than it would have received if: (i) HMT's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of its debts under the provisions of the Bankruptcy Code.  HMT's liabilities exceed its remaining assets to the point that unsecured creditors will not receive a full payout of their claims under a chapter 11 plan.

34.     The Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.

35.     Accordingly, the Committee is entitled to an order and judgment against the Defendant avoiding each Transfer pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

### (Recovery of Avoided Transfers – U.S.C. § 550)

36.     The Committee incorporates all preceding paragraphs as if fully re-alleged herein.

37.     The Committee is entitled to avoid the above-described Transfers pursuant to section 547(b) of the Bankruptcy Code.

38.     The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

39.     Pursuant to section 550(a) of the Bankruptcy Code, the Committee is entitled to recover from Defendant, on behalf of the Debtor's estates, all Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III

### (Disallowance of Claims – 11 U.S.C. § 502(d))

40.     The Committee incorporates all preceding paragraphs as if fully re-alleged herein.

41.     The Defendant is a transferee of Transfers avoidable pursuant to section 547 of the Bankruptcy Code, which Transfers are recoverable under section 550 of the Bankruptcy Code.

42.     The Defendant has not paid the amount of the Transfers or turned over such property for which the Defendant is liable under section 550 of the Bankruptcy Code.

43.     Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against HMT must be disallowed until such time as Defendant pays to the Debtor's estates the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

## RELIEF REQUESTED

**WHEREFORE,** the Committee respectfully requests that this Court enter an order providing the following relief against Defendant:

A.     On Count I, judgment in favor of the Committee and against the Defendant, avoiding the Transfers;

B.     On Count II, judgment in favor of Committee and against the Defendant, directing the Defendant to return to the Debtors' estates the amount of the Transfers, pursuant to 11 U.S.C. § 550, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C.     On Count III, judgment in favor of the Committee and against the Defendant, disallowing any claims filed by the Defendant or scheduled in its favor in the HMT's chapter 11 case until the Defendant returns the Transfers to the Debtors' estates  pursuant to 11 U.S.C. § 502(d); and

D.     Such other relief as this Court may deem just and proper.

Dated:  June 5, 2020                              Respectfully submitted,

                                                  **The Official Committee of Unsecured Creditors**
                                                  **of X-Treme Bullets, Inc.** *et al.*

                                                  By: _/s/ Brian J. Jackiw_
                                                          One of Its Attorneys

**HARTMAN & HARTMAN**

Jeffrey L. Hartman, Esq.
510 West Plumb Lane, Suite B
Reno, NV  89509
Tel:  (775) 324-2800
jlh@bankruptcyreno.com

*Local Counsel for the Committee*


**TUCKER ELLIS LLP**

Thomas R. Fawkes (*pro hac vice*)
Brian J. Jackiw (*pro hac vice*)
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Tel:  (312) 624-6300
Thomas.Fawkes@tuckerellis.com
Brian.Jackiw@tuckerellis.com

*Counsel for the Committee*

**EXHIBIT A**

**LIST OF TRANSFERS**

| Creditor | Transfer Date | Amount | Check Number |
|---|---|---|---|
| St. Marks Powder, Inc. | 3/21/18 | $50,000.00 | 182018 |
| | **TOTAL** | **$50,000.00** | |